# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1727 | **DATE** | 6/3/2008 |
| **CASE TITLE** | Ronnie Daniels vs. Chicago Police Dept et al. | | |

**DOCKET ENTRY TEXT**

The Clerk is directed to:  (1) terminate the Chicago Police Department and Richard Devine as Defendants pursuant to the amended complaint and Fed. R. Civ. P. 15(a); (2) add Officers Simon, Jimenez, Cianflone, Eng, Van Vranken, Fleming, Papaiannov, and Panagiotopouls as Defendants; (3) issue summonses for service of the amended complaint on Defendants by the U.S. Marshal; and (4) send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.  Plaintiff's motion for appointment of counsel [#14] is denied.  The status conference previously scheduled for June 5, 2008, at 8:30 a.m. is vacated.  The cause will be set for an initial status/scheduling conference once Defendants have been served and counsel has entered an appearance.

■[ For further details see text below.]                                        Docketing to mail notices.

---

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that Chicago police officers violated Plaintiff's constitutional rights by falsely arresting him and by using unjustified force during the course of the arrest; he also purports a cause of action under state law for malicious prosecution.

By Minute Order of April 30, 2008, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* but directed him to submit an amended complaint naming proper defendants.  Plaintiff has complied with that order.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the amended complaint.  Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated colorable  federal causes of action against the arresting officers.  An arrest without probable cause is a violation of the Fourth Amendment, actionable under 42 U.S.C. § 1983.  *Driebel v. City of Milwaukee*, 298 F.3d 622, 652 (7th Cir. 2002) (collecting cases).  Furthermore, a police officer may use only "reasonable" force when effecting an arrest.  *See, e.g., Smith v. City of Chicago*, 242 F.3d 737, 743 (7th Cir. 2001).   While a more fully developed record may belie Plaintiff's allegations, Defendants must respond to the complaint.

However, Plaintiff's malicious prosecution claim is summarily dismissed on preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B).  First, there is no federal cause of action for malicious prosecution–at least where, as is the case in Illinois, state law provides a cause of action to address a malicious prosecution.  *See, e.g., Smith v. Lamz*, 321 F.3d 680, 684 (7th Cir. 2003) ("We begin by noting that . . . [the plaintiff] may not maintain an action under § 1983 for malicious prosecution") (citing *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001)).   In any event, a necessary element of a malicious prosecution claim is that the criminal proceedings terminated in Plaintiff's favor.  *See Wallace v. Kato*, ___ U.S. ___, 127 S.Ct. 1091 (2007), *citing Heck v. Humphrey*, 512 U.S. 477, 484 (1994).  Here, the charges presumably remain pending or have not been terminated in Plaintiff's favor, as Plaintiff is still incarcerated.  Plaintiff may therefore proceed only on his federal claims.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

**STATEMENT (CONT.)**

The clerk shall issue summonses forthwith for service of the amended complaint. The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former police officer who no longer can be found at the work address provided by Plaintiff, the Chicago Police Department shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Finally, Plaintiff's motion for appointment of counsel is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656; *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be considered in determining whether to appoint counsel).

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. Although Plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary. Plaintiff appears more than capable of presenting his case. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.