UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ronnie Daniels, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1727 |
| | ) | |
| v. | ) | Judge St. Eve |
| | ) | |
| Simon et al. | ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICERS' MOTION FOR LEAVE TO FILE
THEIR MOTION TO DISMISS *INSTANTER* AND STAY THEIR ANSWERS**

Defendants Salvatore Cianflone, Luis Jimenez, Thomas Simon, Kenmond Eng, James Van Vranken, Peter Fleming, Angelo Panagiotopoulos, and Chris Papaioannou (collectively "Defendant Officers"), by one of their attorneys, Shneur Nathan, Assistant Corporation Counsel of the City of Chicago, respectfully request this Honorable Court (a) grant them leave to file their 12(b)(6) Motion to Dismiss *Instanter*; and (b) stay their Answer until their motion is ruled upon by the Court. In support of this motion, Defendant Officers state as follows:

1. All Defendant Officers named in this case have been served and appeared.

2. Initial status has not yet been set in this matter.

3. The undersigned was unable to meet with Individual Defendants in preparation for their defense until August 20, 2008.

4. Defendant Officers are now prepared to file their Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) attached hereto as Exhibit A. (*See* Ex. A.)

5. In order to promote efficiency and avoid confusion, Defendant Officers seek leave to file their Answers to plaintiff's First Amended Complaint after the motion to dismiss is ruled

upon. *See Oil Express National, Inc. v. D'Alessandro*, 173 F.R.D. 219, 220-21 (N. D. Ill. 1997) (staying time to answer complaint during the pendency of a motion to dismiss).

6. This motion is not being made for purposes of delay and Defendant Officers will be greatly prejudiced if leave is not granted.

WHEREFORE, Defendant Officers respectfully request that this Honorable Court grant them leave to file their Motion to Dismiss *instanter* and stay the period for filing their Answer until that motion is ruled upon.

Respectfully submitted,

Defendant Officers

By: /s/ Shneur Z. Nathan
SHNEUR Z. NATHAN
Assistant Corp. Counsel

30 North LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-1842
Atty. No. 06294495

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2008, I electronically filed the foregoing **Defendant Officers' Motion for Leave to File their Motion to Dismiss *Instanter*** using the Court's CM/ECF electronic filing system, and caused a copy of that motion to be sent via U.S. Mail to the *pro se* plaintiff at the address listed below:

Ronnie Daniels
4345 West Monroe Street
Chicago, Illinois 60624


|  |  |
|---|---|
|  | /s/ Shneur Z. Nathan |
| 30 North LaSalle Street | SHNEUR Z. NATHAN |
| Suite 1400 | Assistant Corporation Counsel |
| Chicago, Illinois 60602 |  |
| (312) 742-1842 |  |
| Atty. No. 06294495 |  |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ronnie Daniels, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1727 |
| | ) | |
| v. | ) | Judge St. Eve |
| | ) | |
| Simon et al. | ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | |

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ronnie Daniels, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1727 |
| | ) | |
| v. | ) | Judge St. Eve |
| | ) | |
| Simon et al. | ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | |

### DEFENDANT OFFICERS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendants Salvatore Cianflone, Luis Jimenez, Thomas Simon, Kenmond Eng, James Van Vranken, Peter Fleming, Angelo Panagiotopoulos, and Chris Papaioannou (collectively "Defendant Officers"), through one of their attorneys, Shneur Nathan, Assistant Corporation Counsel, respectfully move pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure to Dismiss Plaintiff's Amended Complaint because it fails to state a claim upon which relief may be granted. In support of this motion, Defendant Officers states the following:

I.   **LEGAL STANDARD**

The Court should dismiss a claim if the allegations do not plausibly suggest that the plaintiff is entitled to relief beyond a "speculative level." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1964-65 (2007) (lessening the movant's burden on a 12(b)(6) motion from the old "no set of facts" test). If a complaint fails to allege a necessary element required to obtain relief, dismissal is in order. *R.J.R. Services, Inc. v. Aetna Casualty and Sur. Co.,* 895 F.2d 279, 281 (7th Cir. 1989). While it is true that a plaintiff need only plead a "short and plain statement," that statement still must give "fair notice of what the plaintiff's claim is and the grounds upon

which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002). Moreover, a court is not required "to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *City Nat'l Bank of Florida v. Checkers, Simon & Rosner*, 32 F.3d 277, 281 (7th Cir. 1994) (citations omitted).

    II.    **THE COMPLAINT DOES NOT GIVE DEFENDANTS FAIR NOTICE OF THE ALLEGATIONS AGAINST THEM.**

In order to state a claim under Section 1983, at a minimum, a plaintiff must allege (1) the defendants acted under color of law; and (2) those actions deprived plaintiff of a specific constitutional right. *Chapman v. Stricker*, 81 Fed.Appx 77 (7th Cir. 2003) citing *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003). The instant Amended Complaint fails to meet even the threshold requirement of personal involvement on the part of Defendants. *See Johnson v. Snyder*, 444 F.3d 579, 583(7th Cir. 2006); *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (personal involvement is required to prevail on a Section 1983 claim); *Christopher v. Buss*, 384 F.3d 879, 881 n.1 (7th Cir. 2004) (affirming district court's dismissal of Section 1983 claims while limiting substantive analysis to defendants alleged to have been personally involved).

Conspicuously and fatally absent from Plaintiff's Amended Complaint is any reference to Defendant Officers. The closest Plaintiff comes to such a reference is that he "was taken into custody by eight officers of the 18th district Police station around 11 p.m." *See* ¶1 of Plaintiff's Amended Complaint, reformatted and attached hereto as Exhibit A. With regards to this allegation, and certainly Plaintiffs less specific allegations, Defendant Officers are left to guess whether Plaintiff is referring to any of them. Moreover, in light of Plaintiff's guilty plea stemming from his August 24, 2007 arrest, an allegation of being taken into custody involves no

wrongful conduct. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *McCurdy v. Sheriff of Madison County*, 128 F.2d 1144, 1145 (7th Cir. 1997) (characterizing civil rights suit by convicted felon as frivolous and not justifying the federal court's jurisdiction); *See also* Plaintiff's Certified Statement of Conviction attached hereto as Exhibit B. [1]

It is even more unclear from Plaintiff's Amended Complaint whether the allegations of excessive force relate to any Defendant Officer. In that pleading, Plaintiff states only that various acts of excessive force were committed against him by "an officer." *See* Ex. A, ¶5. This allegation, against an unspecified police officer, is insufficient to meet even Plaintiff's basic pleading requirements. *Marshall v. Knight*, 445 F.3d 965, 968 (2006) (requiring connection between the plaintiff's claims and a specific defendant's conduct); *See Hallinan v. Fraternal Order of Police Chicago Lodge 7*, 2006 WL 2494743 *4 (refusing to consider facts plead against non-parties to satisfy pleading requirements).

### III.  CONCLUSION

Therefore, the Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to allege personal involvement or state action with respect to Defendant Officers.

Respectfully submitted,

Defendant Officers

30 N. LaSalle St, 1400  
Chicago, IL 60602  
(312) 742-1842  
Atty. No. 06294495

By: /s/ Shneur Z. Nathan  
SHNEUR Z. NATHAN  
Assistant Corp. Counsel

---

[1] Submission of a Certified Statement of Conviction/Disposition does not require that this Court convert defendants' motion to dismiss under F.R.C.P. 12(b)(6) into one for summary judgment. *See Brown v. Campbell*, 1995 WL 229033, at *3 n. 2 (N.D. Ill. April 14, 1995) (citing *Venture Assoc. Corp v. Zenith Data Systems, Inc.,* 987 F.2d 429, 431 (7th Cir. 1993); *Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 n. 3 (1st Cir. 1991)).