UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ronnie Daniels, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1727 |
| | ) | |
| v. | ) | Judge St. Eve |
| | ) | |
| Simon et al. | ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICERS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

Defendants Salvatore Cianflone, Luis Jimenez, Thomas Simon, Kenmond Eng, James Van Vranken, Peter Fleming, Angelo Panagiotopoulos, and Chris Papaioannou (collectively "Defendant Officers"), through one of their attorneys, Shneur Nathan, Assistant Corporation Counsel, respectfully move pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure to Dismiss Plaintiff's Amended Complaint because it fails to state a claim upon which relief may be granted. In support of this motion, Defendants states the following:

**I.    LEGAL STANDARD**

The Court should dismiss a claim if the allegations do not plausibly suggest that the plaintiff is entitled to relief beyond a "speculative level." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1964-65 (2007) (lessening the movant's burden on a 12(b)(6) motion from the old "no set of facts" test). If a complaint fails to allege a necessary element required to obtain relief, dismissal is in order. *R.J.R. Services, Inc. v. Aetna Casualty and Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989). While it is true that a plaintiff need only plead a "short and plain statement," that statement still must give "fair notice of what the plaintiff's claim is and the grounds upon

which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002). Moreover, a court is not required "to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *City Nat'l Bank of Florida v. Checkers, Simon & Rosner*, 32 F.3d 277, 281 (7th Cir. 1994) (citations omitted).

II. **THE COMPLAINT DOES NOT GIVE DEFENDANTS FAIR NOTICE OF THE ALLEGATIONS AGAINST THEM.**

In order to state a claim under Section 1983, at a minimum, a plaintiff must allege (1) the defendants acted under color of law; and (2) those actions deprived plaintiff of a specific constitutional right. *Chapman v. Stricker*, 81 Fed.Appx 77 (7th Cir. 2003) citing *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003). The instant Amended Complaint fails to meet even the threshold requirement of personal involvement on the part of Defendants. *See Johnson v. Snyder*, 444 F.3d 579, 583(7th Cir. 2006); *Palmer v. Marion County,* 327 F.3d 588, 594 (7th Cir. 2003) (personal involvement is required to prevail on a Section 1983 claim); *Christopher v. Buss*, 384 F.3d 879, 881 n.1 (7th Cir. 2004) (affirming district court's dismissal of Section 1983 claims while limiting substantive analysis to defendants alleged to have been personally involved).

Conspicuously and fatally absent from Plaintiff's Amended Complaint is any reference to Defendant Officers. The closest Plaintiff comes to such a reference is that he "was taken into custody by eight officers of the 18th district Police station around 11 p.m." *See* ¶1 of Plaintiff's Amended Complaint, reformatted and attached hereto as Exhibit A. With regards to this allegation, and certainly Plaintiffs less specific allegations, Defendant Officers are left to guess whether Plaintiff is referring to any of them. Moreover, in light of Plaintiff's guilty plea stemming from his August 24, 2007 arrest, an allegation of being taken into custody involves no wrongful conduct. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *McCurdy v. Sheriff of Madison*

*County*, 128 F.2d 1144, 1145 (7th Cir. 1997) (characterizing civil rights suit by convicted felon as frivolous and not justifying the federal court's jurisdiction); *See also* Plaintiff's Certified Statement of Conviction attached hereto as Exhibit B.[1]

It is even more unclear from Plaintiff's Amended Complaint whether the allegations of excessive force relate to any Defendant Officer. In that pleading, Plaintiff states only that various acts of excessive force were committed against him by "an officer." *See* Ex. A, ¶5. This allegation, against an unspecified police officer, is insufficient to meet even Plaintiff's basic pleading requirements. *Marshall v. Knight*, 445 F.3d 965, 968 (2006) (requiring connection between the plaintiff's claims and a specific defendant's conduct); *See Hallinan v. Fraternal Order of Police Chicago Lodge 7*, 2006 WL 2494743 *4 (refusing to consider facts plead against non-parties to satisfy pleading requirements).

### III.    CONCLUSION

Therefore, the Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to allege personal involvement or state action with respect to Defendant Officers.

Respectfully submitted,

Defendant Officers

30 North LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-1842
Atty. No. 06294495

By:   /s/ Shneur Z. Nathan
SHNEUR Z. NATHAN
Assistant Corp. Counsel

---

[1] Submission of a Certified Statement of Conviction/Disposition does not require that this Court convert defendants' motion to dismiss under F.R.C.P. 12(b)(6) into one for summary judgment. *See Brown v. Campbell*, 1995 WL 229033, at *3 n. 2 (N.D. Ill. April 14, 1995) (citing *Venture Assoc. Corp v. Zenith Data Systems, Inc.*, 987 F.2d 429, 431 (7th Cir. 1993); *Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 n. 3 (1st Cir. 1991)).

# CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2008, I electronically filed the foregoing **Defendant Officers' Motion to Dismiss Plaintiff's Amended Complaint** using the Court's CM/ECF electronic filing system, and caused a copy of that motion to be sent via U.S. Mail to the *pro se* plaintiff at the address listed below:

Ronnie Daniels
4345 West Monroe Street
Chicago, Illinois 60624


30 North LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-1842
Atty. No. 06294495

/s/ Shneur Z. Nathan
SHNEUR Z. NATHAN
Assistant Corporation Counsel

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ronnie Daniels, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1727 |
| | ) | |
| v. | ) | Judge St. Eve |
| | ) | |
| Simon et al. | ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | |

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ronnie Daniels, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1727 |
| | ) | |
| v. | ) | Judge St. Eve |
| | ) | |
| Simon et al. | ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | |

PLAINTIFF'S AMENDED COMPLAINT
(FORMATTED BY DEFENDANT OFFICERS)

Statement of Claim:

1. I, (The Plaintiff), Ronnie Daniels, states (sic) that on August 24, 2007, I was taken into custody by eight (08) officers of the 18th district Police station at around 11:00 p.m., and removed from 827 N. Cambridge a Chicago Housing Authority (C.H.A.) Lower Level Apartment Complex.

2. I was searched, cuffed and removed from the premises after being questioned as to, if I knew where drugs were and informed that, "if you give us something we will let you go."

3. I, then was removed from the premises and questioned as to whom someone named, "O.J." is and asked whether or not I knew if a car was his car or not that was parked on the street of Cambridge.

4. I was then taken to the 18th district station placed in a holding cell and two (02) hours later a officer came to the cell I was in an (sic) expressed, "Hey you're on parole, you make a good arrest, you've got a bag", (sic) while holding my Parole I.D. card in hand.

5. I also feel that having been upended and body-slammed to the steps of 827 N. Cambridge followed by an officer standing on my face and chest threatening to put a bullet in my ass, while another officer patted me down was an act of unfounded excessive force.

6. I was never marandized (sic), either at the apartment, nor the 18th district station.

7. I, (The Plaintiff), Ronnie Daniels, hereby attest to having suffered great distress, because of this blaton (sic) act of Excessive, and undue Force being imposed upon my person resulting in Mental and Emotional Suffering.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ronnie Daniels, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1727 |
| | ) | |
| v. | ) | Judge St. Eve |
| | ) | |
| Simon et al. | ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | |

# Exhibit B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 001

PEOPLE OF THE STATE OF ILLINOIS

                VS                NUMBER 07CR1883203

RONNIE        DANIELS

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

  I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION with the Clerk of the Circuit Court.

Charging the above named defendant with:

A 720-5/8-4(A)(720-570/402-C)        M      ATT.POSS.CONT.SUB.
The following disposition(s) was/were rendered before the Honorable Judge(s):

```
09/12/07 IND/INFO-CLK OFFICE-PRES JUDGE        09/27/07 1701
09/27/07 CASE ASSIGNED                         10/04/07 5703
         BIEBEL, PAUL JR.
09/27/07 DEFENDANT NOT IN COURT                00/00/00
         BIEBEL, PAUL JR.
10/04/07 DEFENDANT IN CUSTODY                  00/00/00
         SULLIVAN, SHARON M.
10/04/07 PRISONER DATA SHEET TO ISSUE          00/00/00
         SULLIVAN, SHARON M.
10/04/07 MOTION DEFT - CONTINUANCE - MD        10/18/07 5703
         SULLIVAN, SHARON M.
10/18/07 DEFENDANT IN CUSTODY                  00/00/00
         SULLIVAN, SHARON M.
10/18/07 PRISONER DATA SHEET TO ISSUE          00/00/00
         SULLIVAN, SHARON M.
10/18/07 DEFENDANT ARRAIGNED                   00/00/00
         SULLIVAN, SHARON M.
10/18/07 PLEA OF NOT GUILTY                    00/00/00
         SULLIVAN, SHARON M.
10/18/07 MOTION FOR DISCOVERY                  00/00/00 F        1
         SULLIVAN, SHARON M.
10/18/07 DISCOVERY ANSWER FILED                00/00/00 F        1
         SULLIVAN, SHARON M.
10/18/07 CONTINUANCE BY AGREEMENT              11/15/07 5703
         SULLIVAN, SHARON M.
11/15/07 DEFENDANT IN CUSTODY                  00/00/00
         SULLIVAN, SHARON M.
11/15/07 PRISONER DATA SHEET TO ISSUE          00/00/00
         SULLIVAN, SHARON M.
```

```
            IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 002

     PEOPLE OF THE STATE OF ILLINOIS

                   VS                    NUMBER 07CR1883203

     RONNIE       DANIELS

            CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

   I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
11/15/07 CONTINUANCE BY AGREEMENT               12/05/07 5703
        SULLIVAN, SHARON M.
12/05/07 DEFENDANT IN CUSTODY                   00/00/00
        SULLIVAN, SHARON M.
12/05/07 PRISONER DATA SHEET TO ISSUE           00/00/00
        SULLIVAN, SHARON M.
12/05/07 APPEARANCE FILED                       00/00/00
        SULLIVAN, SHARON M.
12/05/07 CONTINUANCE BY AGREEMENT               01/25/08 5703
        SULLIVAN, SHARON M.
01/25/08 DEFENDANT IN CUSTODY                   00/00/00
        SULLIVAN, SHARON M.
01/25/08 PRISONER DATA SHEET TO ISSUE           00/00/00
        SULLIVAN, SHARON M.
01/25/08 CONTINUANCE BY AGREEMENT               02/19/08 5703
        SULLIVAN, SHARON M.
02/19/08 DEFENDANT IN CUSTODY                   00/00/00
        SULLIVAN, SHARON M.
02/19/08 PRISONER DATA SHEET TO ISSUE           00/00/00
        SULLIVAN, SHARON M.
02/19/08 CONTINUANCE BY AGREEMENT               03/13/08 5703
        SULLIVAN, SHARON M.
03/13/08 DEFENDANT IN CUSTODY                   00/00/00
        SULLIVAN, SHARON M.
03/13/08 PRISONER DATA SHEET TO ISSUE           00/00/00
        SULLIVAN, SHARON M.
03/13/08 CONTINUANCE BY AGREEMENT               05/06/08 5703
        SULLIVAN, SHARON M.
05/06/08 DEFENDANT IN CUSTODY                   00/00/00
        SULLIVAN, SHARON M.
05/06/08 PRISONER DATA SHEET TO ISSUE           00/00/00
        SULLIVAN, SHARON M.
05/06/08 DEF DEMAND FOR TRIAL                   00/00/00
        SULLIVAN, SHARON M.
05/06/08 MOTION STATE - CONTINUANCE -MS         06/12/08 5703
        SULLIVAN, SHARON M.
06/12/08 RECALL/EXEC SENT TO POLICE AGY         00/00/00
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS     Page 003

PEOPLE OF THE STATE OF ILLINOIS

                VS                NUMBER 07CR1883203

RONNIE        DANIELS

### CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION

```
06/12/08 DEFENDANT IN CUSTODY                    00/00/00
     SULLIVAN, SHARON M.
06/12/08 CHARGE AMENDED TO MISDEMEANOR    C001   00/00/00
     SULLIVAN, SHARON M.
06/12/08 PLEA OF GUILTY                   C001   00/00/00
     SULLIVAN, SHARON M.
06/12/08 JURY WAIVED                             00/00/00
     SULLIVAN, SHARON M.
06/12/08 FINDING OF GUILTY                C001   00/00/00
     SULLIVAN, SHARON M.
06/12/08 DEF SENTENCED TO COOK CNTY DOC   C001
             364 DYS
     SULLIVAN, SHARON M.
06/12/08 WARRANT QUASHED                         00/00/00
     SULLIVAN, SHARON M.
06/12/08 CREDIT DEFENDANT FOR TIME SERV
             364 DYS
     SULLIVAN, SHARON M.
06/12/08 DEF ADVISED OF RIGHT TO APPEAL          00/00/00
     SULLIVAN, SHARON M.
06/12/08 CHANGE PRIORITY STATUS            M     00/00/00
     SULLIVAN, SHARON M.
```

I hereby certify that the foregoing has been entered of record on the above captioned case.
Date 08/14/08

_Dorothy Brown_
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY